UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| TONYA MARIE ARLEDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV405-161 |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a Title VII action against her former employer, the United States Postmaster General ("Postal Service" or "defendant"),[1] alleging discrimination on the basis of her sex and retaliation for prior equal employment opportunity activity. Docs. 1, 3. Defendant has filed two motions to dismiss which are currently under consideration before the Court. Docs. 10, 12. Defendant first argues for dismissal based on plaintiff's failure to exhaust administrative remedies. Docs. 10, 11. Following plaintiff's failure to respond to defendant's first motion to

---

[1] References to the "Agency" by defendant or in EEOC papers attached to pleadings also describe defendant, the Postmaster General.

dismiss, defendant filed a motion to dismiss for want of prosecution. Doc. 12. Plaintiff has not directly responded to either motion, though she disputes a lack of prosecution in her motion to compel, filed on February 28, 2006.[2] In addition, defendant's January 20, 2006 motion to dismiss requests dismissal of allegations not involving sex discrimination claims against the Postal Service. The Court will address each of defendant's motions in turn.

### *Motion to Dismiss for Failure to Exhaust Administrative Remedies*

Defendant moves to dismiss plaintiff's complaint on the basis that she did not exhaust her administrative remedies before the Equal Employment Opportunity Commission ("EEOC"). Defendant alleges that in pursuing her administrative case before the EEOC, plaintiff "did not respond to the scheduling order issued by the administrative law judge ["ALJ"]; failed to

---

[2]As plaintiff is proceeding pro se, the Court will liberally read and construe her filings. Her "motion to compel" arguably responds to defendant's motion to dismiss for want of prosecution, and the Court will treat her motion as a responsive pleading. Otherwise, the merits of her motion to compel were denied by the Court on March 24, 2006. Doc. 20.

respond to the agency's[3] administrative discovery responses; ignored a court order compelling discovery; and failed to attend the administrative hearing pre-hearing conference," as well as failed to contact the ALJ regarding the management of her case. Doc. 11 at 2. Defendant contends that "plaintiff's decision to abandon the equal employment opportunity process that she initiated, resulted in the dismissal of her charge by the Administrative Law Judge without a determination on the merits of her charge." Id.

A review of the documents plaintiff attached to her initial Title VII application and the exhibits the government attaches to its motion to dismiss allows the Court to construct a time line of occurrences in plaintiff's administrative case. According to the Postal Service's final decision, plaintiff initiated EEO counselor contact on May 17, 2004 and filed a formal complaint on June 22, 2004.[4] Doc. 10, Ex. 5. An EEO investigator processed the complaint and issued an "Investigative Report." Id.

---

[3]The agency here is the Postal Service, as adverse party to plaintiff in the EEOC administrative process. Before the ALJ, both plaintiff and the agency have discovery privileges similar to those afforded under the Federal Rules of Civil Procedure.

[4]Plaintiff included with her Title VII application a copy of an "EEO Complaint of Discrimination in the Postal Service." Doc. 1. This complaint is dated May 24, 2004 and states that September 8, 2003 is the date when the alleged discrimination occurred. The Postal Service's final decision states that the alleged discrimination took place in December 2003 and in May 2004 when the Postal Service did not allow her to return to work. Doc. 10, Ex. 5.

Following plaintiff's receipt of this report, she had thirty days in which to request a hearing before an ALJ of the EEOC or to request a final Postal Service (i.e. agency) decision without a hearing. Id. The Postal Service's final decision indicates that plaintiff requested neither; therefore, the Postal Service issued a final decision in accordance with 29 C.F.R. § 1614.110(b). Id.

At the same time, the administrative process that is triggered when a plaintiff does request a hearing before an ALJ of the EEOC was under way. On February 24, 2005, Supervisory Administrative Judge ("SAJ") Philip Davi entered a scheduling order concerning discovery and other important dates leading up to an administrative hearing. Doc. 10, Ex. 1. On March 8, 2005, the Postal Service sent discovery requests to plaintiff. Doc. 10, Ex 2. When plaintiff did not respond to these requests, the Postal Service sent her a letter regarding discovery on April 21, 2005. Id. On May 4, 2005, the Postal Service filed a motion to compel discovery with the SAJ. Id. The SAJ granted this motion on May 24, 2005, the day after discovery closed pursuant to the initial scheduling order. Doc. 10, Ex. 3.

The scheduling order set a pre-hearing conference for May 31, 2005. Doc. 10, Ex. 1. Plaintiff did not attend the conference and did not respond

to the SAJ's order compelling discovery. Id. Therefore, on May 31, 2005, the SAJ issued an order directing the plaintiff to show cause why her Request for Hearing should not be dismissed. Doc. 10, Ex. 4. On June 28, 2005, the SAJ dismissed the case pursuant to 29 C.F.R. § 1614.109(b). The SAJ determined that plaintiff had abandoned her case based on her failure to respond to the SAJ's scheduling order or acknowledgment order, the agency's discovery requests, and the SAJ's order compelling discovery; to attend the pre-hearing conference; and to contact the SAJ regarding her absence from the conference. Doc. 10, Ex. 1.

Attached to the SAJ's order of dismissal was a notice containing instructions to both plaintiff (i.e., the complainant requesting a hearing) and the Postal Service (i.e., the defendant agency). The Postal Service had forty days in which to issue a final order notifying plaintiff whether the agency would fully implement the SAJ's decision.[5] Doc. 10, Ex. 1; 29 C.F.R. § 1614.110(a). If the Postal Service did not fully implement the SAJ's decision, it was required to file an appeal with the Office of Federal Operations for the EEOC. Id. The notice also informed plaintiff of the

---

[5]The Postal Service's failure to issue a final order would result in the SAJ's order becoming the final action of the agency for the case. 29 C.F.R. § 1614.109(i).

times when she could appeal the SAJ's decision or the final order of the Postal Service. Doc. 10, Ex. 1.

On July 28, 2005, thirty days after the SAJ's order of dismissal, the Postal Service issued its final order. Doc. 10, Ex. 5. This final order, however, does not fully implement the SAJ's decision. In fact, the Postal Service's final order does not mention the SAJ's decision and denies that a hearing before an administrative law judge was ever requested. Therefore, the Postal Service reached the merits of plaintiff's claims, dismissing her complaint because she failed to show that she was treated differently than similarly situated persons who were not members of plaintiff's protected class. There is no indication in the attachments before the Court whether the Postal Service appealed the SAJ's decision. In addition, there is no indication whether the Postal Service had any knowledge of the SAJ's decision.[6] The Postal Service advised plaintiff of her right to appeal the

---

[6] The Court recognizes the anomaly here in that the Postal Service was an active defendant on the SAJ-hearing/EEOC side of plaintiff's administrative process and the "agency" on the agency-determination side of the process. The Court assumes that the department of the Postal Service responsible for the final agency decision and EEO compliance is separate from the department that acts as an adverse party when a claim is brought against the Postal Service before an ALJ. On the SAJ-hearing side, the Postal Service was represented by an attorney, Toni M. Sellers. Doc. 10, Ex. 2. On the agency-determination side, the final agency decision was signed by Dino DeSorbo, manager of EEOC Compliance & Appeals. Doc. 10, Ex. 5.

final order, stating that she could file an appeal with the EEOC within thirty days or she could file a lawsuit in federal court within ninety days. She filed the instant action on September 7, 2005, fifty-seven days after receiving the Postal Service's final order and right-to-sue notice. Doc. 1.

Defendant cites several cases for the proposition that a court may not review the merits of a Title VII employment discrimination action where the plaintiff has not complied with administrative procedures and the underlying administrative claim is dismissed on that basis, though several of these cases simply do not stand for that proposition. See Johnson v. Bergland, 614 F.2d 415, 418 (5th Cir. 1980) ("[I]f the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either."); see also Brown v. Gen. Services Admin., 425 U.S. 820, 833 (1976); Manning v. Carlin, 786 F.2d 1108, 1109 (11th Cir. 1986) (holding that state court review of administrative proceedings is entitled to res judicata in federal court); Griffin v. Carlin, 755 F.2d 1516, 1529-30 (11th Cir. 1985) (stating general rule but finding exhaustion of administrative remedies); Ray v. Freeman, 626 F.2d 439, 442 (5th Cir. 1980) (affirming district court's decision not to consider charges of discrimination occurring after plaintiff

filed EEO complaint and thus not subjected to the administrative process). The critical determination is whether the underlying administrative claim was dismissed on the merits or because of the administrative default. See Ward v. Fla. Dep't of Juvenile Justice, 194 F. Supp. 2d 1250, 1254-55 (N.D. Fla. 2002) (distinguishing between a dismissal on the merits despite administrative default and dismissal based on default, with numerous case citations for the latter).

Where the federal agency reaches a decision on the merits, a plaintiff's failure to exhaust administrative remedies will not bar her suit in federal court. See Wilson v. Pena, 79 F.3d 154, 164-65 (D.C. Cir. 1996). In Wilson, the plaintiff did not respond to the EEOC's request for more information. Id. at 164. Plaintiff brought a claim against the Coast Guard for discriminating against him when it did not hire him as an equal employment manager. Id. at 157. The EEOC requested a sworn statement from plaintiff regarding the income he received during the interim after he was denied the new position, so that the EEOC could offset this amount from back pay he was awarded. Id. at 164. The plaintiff never submitted such a statement, yet the EEOC issued a final order directing the Coast Guard to give him the job and award him back pay. Id. The plaintiff

challenged the offset of his back pay in federal district court, but the court refused to hear the claim because he had not exhausted his administrative remedies by failing to provide the information requested by the EEOC. Id. The Court of Appeals for the District of Columbia reversed, finding that "[w]here the agency has taken final action based on an evaluation of the merits, it cannot later contend that the complainant failed to exhaust his remedies." Id. at 165. The court also noted that "[t]he exhaustion requirement is a 'practical and pragmatic' one and should not be invoked when it serves no practical purpose." Id.

In the instant case, the Postal Service's final order reached the merits of plaintiff's claim, despite her multiple administrative defaults before the SAJ. According to the Postal Service's final order, the agency apparently lacked knowledge of any proceeding before the SAJ. Regardless, the Postal Service thoroughly examined the facts before it and determined that plaintiff was not entitled to relief because she had not shown that any similarly situated person who was not a member of plaintiff's protected class (i.e. a male) had been treated differently. Doc. 10, Ex. 5. The Postal Service's final order also specifically notified plaintiff of her ability to file suit in this Court. The order states:

> Because you have not prevailed on your discrimination claim, no relief will be awarded. . . .
>
> You have the right to appeal the Postal Service's final decision to the:
>
>> Director, Office of Federal Operations
>> Equal Employment Opportunity Commission
>> . . .
>
> Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered.

<u>Id.</u> Plaintiff relied on these instructions and timely filed her civil action with this Court.

Because the Postal Service rendered a final order on the merits, plaintiff is entitled to review in this Court. The facts of this case more resemble the facts in <u>Wilson</u> than those presented in <u>Johnson</u>, 614 F.2d at 418, a case where the agency dismissed the administrative claim solely on the basis of administrative defaults. Defendant's motion to dismiss for failure to exhaust administrative remedies should be **DENIED**.

## *Motion to Dismiss for Want of Prosecution*

Defendant also moves the Court to dismiss plaintiff's case for want of prosecution. Doc. 12. Defendant argues that plaintiff has abandoned her case, as evidenced by her failure to respond to defendant's January 20, 2006 motion to dismiss for failure to exhaust administrative remedies and to respond to communications from defendant's counsel regarding the Rule 26(f) meeting and report. Id.

Dismissal for want of prosecution is specifically allowed by Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.1. However, a dismissal for want of prosecution is "a harsh sanction that should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir. 1983); see also Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) ("Dismissal with prejudice [for want of prosecution] is considered a sanction of last resort, applicable only in extreme circumstances."). The Eleventh Circuit has stated that "[m]ere delay will not suffice" to mandate a dismissal with prejudice for want of prosecution. Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993). Defendant must show a "clear record of delay or

willful contempt and a finding that lesser sanctions would not suffice." Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); McKelvey v. AT&T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).

Plaintiff did respond to defendant's motion to dismiss for want of prosecution, although her response was inserted in her own "motion to compel." Doc. 15. Therein, plaintiff notes that she did contact defendant's counsel and conduct the necessary Rule 26(f) conference. The Rule 26(f) report, filed February 23, 2006, indicates that plaintiff and defense counsel spoke over the phone on February 22, 2006. Doc. 13. Thus, while plaintiff failed to respond to defendant's first motion to dismiss or to defendant's February 9, 2006 letter concerning the Rule 26(f) conference, it appears that plaintiff is now prepared to diligently prosecute her case.[7]

Defendant cannot point to a clear record of delay or willful contempt on behalf of plaintiff. Plaintiff has timely complied with each directive of the Court in her case. Plaintiff's recent inattentiveness simply does not rise to the level mandating dismissal of her case. Plaintiff is warned, however, that future dilatory conduct, including failure to respond to a Court order

---

[7] In fact, plaintiff is diligently prosecuting many cases in this Court, as she has filed twenty-three new civil actions between March 1, 2006 and March 21, 2006. In each of these cases, plaintiff has promptly responded to Court orders and, according to the Clerk's Office, regularly checks on the status of her cases. The Court has determined, however, that these many civil actions are frivolous and should be dismissed.

or undertake discovery in a timely manner,[8] may result in the dismissal of her case with prejudice for want of prosecution. Defendant's motion to dismiss for want of prosecution should be **DENIED**.

## *Motion to Dismiss Other Allegations in Complaint*

Plaintiff filed a formal complaint on September 12, 2005. Doc. 3. In this complaint, plaintiff makes several strange and clearly delusional allegations against individuals and entities other than the Postal Service. For example, she states she is suing her apartment complex, The Oaks at Wilmington Island, for gross negligence and failure to investigate her belief that her apartments were bugged with cameras and listening devices. Plaintiff appears to be convinced that the details of her private life within her various homes were recorded and subsequently broadcast over a local radio station. She makes allegations against the radio station and two of its employees, local and state law enforcement agencies, local medical centers, and the Chatham County courts. None of these individuals is a defendant in the instant action, and plaintiff makes no rational connection between the alleged acts of these individuals and the acts of the defendant Postal

---

[8]Discovery is currently stayed pending the resolution of defendant's motions to dismiss. Doc. 20.

Service. These claims are not proper in this Title VII lawsuit, where the Postal Service is the only defendant and sex discrimination is the principal cause of action.[9]

Plaintiff also asserts other claims against the "United States Government." These assertions[10] (e.g., that plaintiff has been subjected to "personality altering/DNA/soul searching") range from the bizarre to the absurd. This case should be confined to plaintiff's sex discrimination claim against the Postal Service. Thus, defendant's motion to dismiss other allegations in the complaint should be **GRANTED** and plaintiff's claims unrelated to sex discrimination against the Postal Service should be **DISMISSED**.

SO REPORTED AND RECOMMENDED this 23rd day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[9] Many of the twenty-three pro se complaints filed in this Court during the month of March set forth these same frivolous allegations that she attempts to raise in her Title VII complaint.

[10] The Court labels her claims as assertions; however, plaintiff's "claims" are little more than a list of arguable causes of action. Plaintiff makes no concrete factual allegations other than her allegations against the Postal Service for sex discrimination.

14